[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT (#108) I. PROCEDURAL HISTORY
On March 2, 2000, the plaintiff, Timothy Pepin, filed a one count complaint alleging libel against the defendant, Andrew Ilowitz. Pepin, a chiropractor, provided chiropractic treatment to eleven year old Matthew Bajek after he allegedly sustained injuries in an automobile accident. Bajek's father's insurance company, Nationwide Insurance Company (Nationwide), hired Ilowitz, also a chiropractor, to conduct an independent medical examination of Bajek and to issue an independent medical report detailing his findings. On February 19, 1998, Ilowitz examined Bajek and issued his report to Nationwide on March 5, 1998. Ilowitz's report contained the following statements, which are the subject of this action: (1) "It is plausible to assume either the attending physician is exaggerating or making up clinical findings for secondary gain or the claimant had an independent injury not associated with the motor vehicle accident . . ."; and (2) "[I]t is my opinion that the attending physician and claimant . . . are opportunists for secondary gain. It is my professional opinion that absolutely no care be associated or directly related to the [motor vehicle accident]. It is further my opinion that motives for care are secondary in gain on the claimant and most probably the attending chiropractor, Timothy Pepin, D.C." (Complaint, ¶¶ 7 and 8, respectively.)
On March 21, 2001, Ilowitz filed an amended answer and special defenses. The first special defense alleges that Ilowitz did not publish the report. The second special defense alleges that the report is privileged pursuant to General Statutes § 19-17b. The third special defense alleges that Ilowitz's statements are protected under a qualified or conditional privilege.
Ilowitz moves for summary judgment on the ground that there are no CT Page 16189 genuine issues of material fact and that he is entitled to summary judgment as a matter of law because his statements are protected by a qualified or conditional privilege. Ilowitz submits the following in support of his motion; his affidavit, the affidavit of his attorney, Robert Hirtle, a copy of the complaint and statement of demand, a copy of his amended answer and special defenses, certified deposition testimony of Pepin, a photocopy of the police accident report that Bajek was involved in, a copy of an Application for Benefits filed by Bajek's mother, a copy of a Proof of Claim signed by Bajek's mother. Also submitted by the defendant a narrative report issued by Pepin addressing Bajek's treatment, Pepin's Progress Report, billing statements related to Nationwide's claim concerning Bajek, a letter from Pepin's attorney to Nationwide, a copy of a letter sent by Pepin's attorney to Nationwide requesting that it pay Pepin's claim, a copy of a letter sent by Ilowitz to Bajek's parents regarding the independent medical exam and report, and a copy of Ilowitz's independent medical report.
On June 14, 2002, Pepin filed a memorandum in opposition arguing that Ilowitz's statements are not protected by a qualified or conditional privilege. Pepin submits his affidavit, the affidavit of his attorney, Frank Carrano, a copy of his complaint and statement in demand, a copy of the independent medical report issued by Ilowitz, a copy of Ilowitz's amended answer and special defense, photocopies of his uncertified deposition testimony,[1] Nationwide's letter denying payment to Pepin, a copy of a letter sent by Pepin's attorney to Ilowitz requesting a copy of his independent medical report and Pepin's medical reports concerning Bajek's treatment, a copy of a First Report, dated July 9, 1996, a Progress Update regarding Bajek, dated October 18, 1996, two copies of Supplemental Reports regarding Bajek, dated December 20, 1996 and February 10, 1997, respectively and a Final Report, dated March 14, 1997.
 II. DISCUSSION
"Practice Book § [17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . CT Page 16190 and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) Buell Industries, Inc. v.Greater New York Mutual Ins. Co., 259 Conn. 527, 549-50, 791 A.2d 489
(2002). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Id., 559. "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v.Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988).
Ilowitz moves for summary judgment on the ground that the statements he made were protected by a qualified or conditional privilege he shared with Nationwide. Ilowitz contends that the comments he made satisfy the elements necessary to establish the existence of a qualified or conditional privilege. Ilowitz argues that he and Nationwide share a "common business interest" and that "as Nationwide's agent, [he] shares the same interests, as well as his contractual obligation to Nationwide to develop a full and fair opinion on the medical merits of the claim." (Defendant's Memorandum, pp., 12 and 7, respectively.) Ilowitz concludes that his comments were made within the scope of the Nationwide's request, rendered in good faith and published to the proper party, in this case, Nationwide.
Pepin argues in opposition that Ilowitz's statements are not protected by a qualified or conditional privilege. Specifically, Pepin argues that Ilowitz's statements made to Nationwide were not: "(1) related to a protected interest; (2) limited in scope to their purpose; (3) made in good faith; (4) on a proper occasion; and (5) sent in a proper manner to proper parties only." (Plaintiff s Memorandum in Opposition, p., 1.) Pepin asserts that Nationwide and Ilowitz do not share a same common interest because statements made by an independent doctor hired to conduct an independent medical examination and report for an insurance company do not rise to a common business interest. Finally, Pepin argues in the alternative that if the court finds that Ilowitz's statements are protected by a qualified or conditional privilege then a material issue of fact exists as to whether he has abused that privilege.
"[A]gency is normally a question of fact." Hallas v. Boehmke Dobosz, Inc., 239 Conn. 658, 674, 686 A.2d 491 (1997). "Agency is defined as the fiduciary relationship which results from manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act. . . . Thus, the three elements required to show the existence of an agency relationship include: (1) a manifestation by the principal that the agent CT Page 16191 will act for him; (2) acceptance by the agent of the undertaking: and (3) an understanding between the parties that the principal will be in control of the undertaking." (Citations omitted; internal quotation marks omitted.) Beckenstein v. Potter Carrier, Inc., 191 Conn. 120,132-33, 464 A.2d 6 (1983). "The existence of agency is a question of fact to be determined by the trier of fact." Gateway Co. v. DiNoia,232 Conn. 223, 240, 654 A.2d 342 (1995).
Ilowitz sets forth the elements to establish the existence of a qualified or conditional privilege in order to prove that his statements were protected by the privilege. Ilowitz relies on his argument that asNationwide's agent he shares a common business interest with Nationwide, therefore, his statements are protected by a qualified or conditional privilege. Ilowitz has raised an issue of material fact regarding whether he was acting as an agent to Nationwide when he allegedly made those statements about Pepin. Ilowitz's reliance on his status as agent of Nationwide is a question of fact that must be decided by the trier of fact. The court cannot address, as a matter of law, the issue of whether Ilowitz's statements were protected by a qualified or conditional privilege until it is determined whether Ilowitz was acting as an agent of Nationwide at the time he allegedly made the statements about Pepin. Accordingly, Ilowitz has failed to satisfy his burden of showing the absence of a material fact. therefore, he is not entitled to summary judgment as a matter of law.
 III. CONCLUSION
For the foregoing reasons, the motion for summary judgment is denied. So ordered.
BY THE COURT
 ___________________ PETER EMMETT WIESE, JUDGE